(December 21, 1891.)

## OLLIS v. KIRKPATRICK.

### [28 Pac. 435.]

WHAT IS A VALID JUDGMENT—EXECUTION—NOTICE OF REAL ESTATE SALE, HOW PUBLISHED—REAL ESTATE, HOW SOLD.

RECITALS OF A VALID JUDGMENT.—A judgment which recites that defendant was duly summoned and failed to answer, that evidence was heard, cause submitted, and the court being sufficiently advised doth adjudge the plaintiff recover of the defendant the sum of eighty-two dollars and sixty-three cents, with interest and costs, dated and signed by the justice, is a valid judgment.

SALE OF PROPERTY UNDER EXECUTION AFTER IT SHOULD BE RETURNED. An execution having been duly issued, placed in the hands of the sheriff, and by him levied upon property during its lifetime, the property so levied upon may be sold after the date when said execution must have been returned, had such levy not been made.

NOTICE OF SALE, HOW PUBLISHED.—Notice of sale of real estate levied upon under execution may, under our statute, be given by posting written or printed notices, or by publication in a newspaper published in the county, and the sale may be postponed by announcing the fact at the time advertised and giving notice by writing same on original notice, or putting notice thereof under the original.

HOW SEVERAL PARCELS OF REAL PROPERTY MUST BE SOLD.—When real property consists of several known lots or parcels, they must be sold separately or offered for sale in parcels, and if no bids are received, and the lots or parcels are adjacent, they may then be sold in a lump.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Orr & Orr, for Appellant.

No evidence was admissible or could properly be considered by the court tending to establish facts not put in issue by the pleadings. (*Lillienthal v. Anderson,* 1 Idaho, 673; *Fox v. Fox,* 25 Cal. 588; *Hall v. Polack,* 42 Cal. 218; *Phelan v. Gardner,* 43 Cal. 306; *Bradbury v. Cronise,* 46 Cal. 287; *Norris v. Glenn,* 1 Idaho, 590.) A defendant asking affirmative relief must plead as fully as a plaintiff. (*Rose v. Treadway,* 4 Nev. 455, 97 Am. Dec. 546.) A party claiming under a judgment of a justice of the peace must show every fact necessary

to give the court jurisdiction to render judgment. (*Rowley v. Howard,* 23 Cal. 403; *Hansberger v. Railroad Co.,* 43 Mo. 196; *Lowe v. Alexander,* 15 Cal. 297; *Paul v. Armstrong,* 1 Nev. 78.) A party has a right to lie by until the judgment is set up against him, and then to show that the proceedings were void for want of jurisdiction. (Freeman on Judgments, sec. 134, p. 145; *Latham v. Edgerton,* 9 Cow. 227; *Mills v. Martin,* 19 Johns. 33.) The law only protects a *bona fide* purchaser for valuable consideration, and a purchaser with notice of irregularities is not such *bona fide* purchaser. (Freeman on Executions, secs. 340-342; Rorer on Judicial Sales, secs. 864, 871; Freeman on Void Judicial Sales, sec. 54; *Stephens v. Denison,* 1 Or. 19.)

T. M. Stewart, for Respondent.

Errors not against the interest of the appellant are not assignable by him, and afford no ground of reversal. (*McCreery v. Everding,* 44 Cal. 284; *Gates v. Salmon,* 46 Cal. 362, 376; *Chase v. Evoy,* 58 Cal. 349; *McGary v. Pedrorena,* 58 Cal. 91.) A sale *en masse* of well-known and distinct parcels is not void. (*Vigoureaux v. Murphy,* 54 Cal. 346; *San Francisco v. Pixley,* 21 Cal. 57; *Cunningham v. Cassidy,* 17 N. Y. 276.) A sale cannot be collaterally avoided for inadequacy of price. (*Elston v. Castor,* 101 Ind. 426, 51 Am. Rep. 754.)

MORGAN, J.—This is an action to quiet title. The plaintiff alleges that he is owner and in possession of the following described tracts of land: Lots 3, 4 and 5 in section 21, and the east half of the northwest quarter, and lots 1, 2, and 3 of section 28, all in township 3 south, range 34 east, Boise meridian, in Bingham county, Idaho. That defendant, William Kirkpatrick, commenced suit against H. C. Ollis in the probate court of said county, had a jury trial, and the jury returned a verdict in favor of said Kirkpatrick, and against said H. C. Ollis, for $110, but alleges that no judgment was entered thereon. That a transcript of said pretended judgment was filed in the district court on the seventh day of November, 1888, and execution was issued thereon. And further avers that Smith and Wright obtained judgment against H. C. Ollis in the jus-

tice court of R. H. Hopkins, in said county, but avers that said judgment is void. That a pretended transcript of said judgment was filed in the district court in said county on the seventh day of November, 1888, and execution issued thereon. The said two executions were levied upon lots 1, 2, and 3 of section 28, in township 3 south, of range 38 east, Boise meridian. That the sheriff intended to describe said land as being in township 34 east. That the latter was the correct description of the land of H. C. Ollis, but, by mistake of the sheriff, it was described as being in township 38 east, of Boise meridian. That said land so misdescribed was sold by virtue of said levy in one body to said defendant, William Kirkpatrick, for the sum of $260. That Julia and Leonard Giggy brought suit against Daniel Ollis, plaintiff herein, obtained judgment on May 29, 1889, for the sum of $82.93, and on the same day filed a transcript thereof in the district court of said county. That execution thereon was issued to the sheriff of said county on the said twenty-ninth day of May, 1889. Said execution was placed in the hands of the sheriff of said county on said last-named date, and was by him levied on lots 3, 4, and 5, of section 21, in township 3 south, of range 34 east, of Boise meridian, in said county of Bingham. That the sheriff advertised said land by posting up notices or hand-bills, advertising to sell on the seventh day of August, 1889. That said sale was postponed on the said seventh day of August until the fourteenth day of said August. That said land was sold on the said fourteenth day of August, 1889, to the said William Kirkpatrick for the sum of $100. Plaintiff avers that said tract consisted of three separate lots, either of which was worth many times the sum of $100. That it was sold in a lump for said sum. Plaintiff asks the court to declare said judgment, transcripts, and sales void; that plaintiff be decreed to be the owner of said lands; and for other relief. Defendant denies that plaintiff ever was the owner of lots 1, 2, and 3 of section 28, in township 3 south, of range 34 east, Boise meridian. Avers the procuring of each of said three judgments; the levy, sale, and purchase thereof by the defendant of the lands hereinbefore described, as set forth; that said judgments, transcripts, and execution sales were valid. Avers that the said H. C. Ollis,

for the sole purpose of defeating and defrauding this defendant, and without any consideration, conveyed the said lots 1, 2, and 3 of section 28 aforesaid to plaintiff, Daniel Ollis; that said conveyance is a fraud, and void; that said William Kirkpatrick is the sole and legal owner of said tracts of land, respectively; that plaintiff has no interest therein; and prays that said conveyance from H. C. Ollis to Daniel Ollis be adjudged fraudulent and void, that said defendant be declared the rightful owner thereof, for costs, and general relief. Trial was had before the court without a jury, which resulted in a judgment and decree in favor of the defendant as to the following described land, to wit: Lots 3, 4, and 5, in section 21, township 3 south, of range 34 east, Boise meridian; and, further, the court ordered, adjudged, and decreed that said decree shall and does operate as a full and complete conveyance of the title to said land to the defendant, William Kirkpatrick. The decree also gave judgment against H. C. Ollis, in favor of William Kirkpatrick, for the sum of $260, being amount paid by him upon execution sale made on December 15, 1888, with interest thereon at ten per cent per annum till paid, and for costs. Plaintiff moved for a new trial, which being denied, the plaintiff appeals to this court, both from the judgment and the order overruling the motion for new trial. The plaintiff specifies the following particulars in which the evidence is insufficient to justify the findings of fact:

That part of the second finding of fact which says that said conveyance, being the conveyance of H. C. Ollis to plaintiff, on September 7, 1885, is without any consideration, is not supported by any competent testimony, and is contradicted by the testimony of H. C. Ollis. It appears by the pleadings, and by the evidence, that the land attempted to be conveyed by this deed, and which was levied upon, and sold to defendant, William Kirkpatrick, for the sum of $260, by virtue of the executions in the cases of *Smith & Wright v. H. C. Ollis* and *William Kirkpatrick v. H. C. Ollis*, was described as the east half of the northwest quarter, and lots 1, 2, and 3 of section 28, in township 3 south, of range 38 east, of the Boise meridian, in said Bingham county. It further appears that neither H. C. Ollis, nor the plaintiff, Daniel Ollis, has or ever had any interest in

the said tract of land whatever. It follows, therefore, that William Kirkpatrick obtained no interest therein by reason of his purchase at said execution sale.

The question as to whether said deed was fraudulent, and without any consideration, and therefore void, can only be determined in a suit in which H. C. Ollis and the real owner of said land and the plaintiff and defendant in this suit are parties, as they would all be interested in the subject matter of the suit. Without making H. C. Ollis, who had made a deed to the land, and the real owner of the tract in question, parties, the court would not have jurisdiction to consider the question as to the validity of the deed. The findings of fact, conclusions of law, and judgment, so far as they relate to the validity or invalidity of this deed, are without the jurisdiction of the court in this case, and are therefore void. We do not question the correctness of the ruling of the court therein, but said ruling was ineffectual for want of jurisdiction. This plaintiff, however, cannot complain of said findings and judgment in this respect, as he has no interest in the land in question, and his rights in this suit are not affected thereby.

The third, fourth, and fifth findings of fact recite that the defendant William Kirkpatrick, on the thirtieth day of May, obtained a judgment against H. C. Ollis; that Smith & Wright, on the twenty-fourth day of June, 1887, obtained a judgment against H. C. Ollis; that on the seventh day of November, 1888, a transcript of each judgment was filed in the office of the clerk of the district court for Bingham county, execution issued thereon, and levied upon the land last above described; that the land was sold and purchased by the said William Kirkpatrick. The land so sold was described as lying in township 3 south, of range 38 east, Boise meridian. The plaintiff, having no interest in either said judgments or land, cannot be heard to complain of these findings, as they do not affect him in any way.

The next specification of error is as follows: The findings of fact are not justified by the evidence in the following particulars: The evidence shows that the plaintiff in this action, who was the defendant in the trial on May 29, 1889, did present, by his agent, an account against the plaintiffs in that

action. Said agent also made a verbal statement to the effect that Julia and Leonard Giggy had been overpaid, and that the probate judge who tried the case failed and refused to enter or file such verbal statement or written account as an answer. The judgment attacked in this specification is as follows:

"JULIA GIGGY et al.
v.
DANIEL OLLIS.

"Now, on this twenty-ninth day of May, this cause came on to be heard, and the defendant, having been duly summoned and failed to answer herein, and the plaintiffs, Julia Giggy and William Giggy and Leonard Giggy, being duly introduced and sworn as witnesses, and the evidence being heard by the court, and this cause being submitted to the court for trial without the intervention of a jury, the court, being sufficiently advised, doth adjudge the plaintiff recover of the defendant the sum of eighty-two dollars and sixty-three cents, with interest thereon from the twenty-ninth day of May, 1889, at the rate of ten per cent per annum until paid, and their costs in this cause expended, taxed at seven dollars and sixty-three cents for which execution may issue. Judgment rendered May 29, 1889.

"R. H. HOPKINS,
"Judge."

It will be seen that the probate judge rests his judgment upon the fact that the defendant was duly summoned and failed to answer. The trial was had before the court without a jury; witnesses were introduced and sworn; then the court says: "Being sufficiently advised, the court doth adjudge that the plaintiff recover of the defendant the sum of eighty-two dollars and sixty-three cents, and their costs in this action expended, taxed at," etc. Here is a judgment of the court in favor of the plaintiffs, and against the defendant, and the sum for which judgment is given is specified. It is, in every sense, a good and valid judgment. (*Grey v. Cederholm,* 2 Idaho, 34, 3 Pac. 12.) If the defendant had any cause of complaint, by reason that the verbal statement of defendant's agent, H. C. Ollis, was not taken down, or evidence heard, he should have

taken an appeal to the district court, where that matter could have been corrected. Having failed to do this in the time given him by law, judgment remains against him in full force and effect.

The next specification is this: The evidence further shows that the execution, under and by virtue of which this tract of land was sold, had expired, and had not been renewed. This execution was issued on the second day of July, 1889, and served on the third day of July, 1889, by levying upon the following described real property, as the property of Daniel Ollis, to wit: Lots 3, 4, and 5, in section 21, township 3 south, range 34 east, Boise meridian. The evidence shows that, after making the levy indorsed on the execution, the sheriff advertised said land for sale by posting notices or hand-bills, in due form, advertising said sale to take place on the seventh day of August, 1889. The sheriff further stated in his testimony: "I adjourned the sale until the fourteenth day of August, and gave notice of the adjournment by writing under the notices so posted. I did not advertise the sale in the 'Idaho News,' or any other newspaper." It will be noticed that the levy was indorsed on the execution on the day after it came into the hands of the sheriff, viz., the third day of July, 1889. A levy having been made and indorsed while in the hands of the sheriff, by the sheriff, and property advertised within the lifetime of the execution, the sale thereof may be postponed beyond the return-day of the execution, and a legal sale made after said return-day by the sheriff. It is proper, also, for the sheriff to give notice of postponement of sale in writing on the original notice, or by posting notice of postponement under it. An execution, having been levied upon the property, does not die by the sale being postponed a reasonable time after he would have been obliged to have returned his execution, in case levy had not been made.

Objection is also made that the notice of sale was given by posting three notices, and that the notice of sale was not advertised in any newspapers being published in said county. Statutes, section 4482, authorizes notice of sale of real estate levied upon by execution to be made by posting notices, or by publication in some newspaper published in the county. This

indicates that either method may be selected, in the discretion
of the sheriff or the attorney for the plaintiff in the execution.
The attorneys for the plaintiff were doubtless impelled to make
this point by reason of the fact that in the *errata* prefixed to,
the statute it is stated that "or" should be "and." An exami-
nation of the enrolled bill shows that this is a mistake in the
*errata;* and as the *errata* is not a part of the law, not having
been enacted by the legislature, the law is as it is found in the
body of the statute. Up to the time of the sale, therefore, all
the proceedings connected with this sale were in accordance
with law.

The next point made is that the complaint alleges that the
tract of land so sold consisted of three separate lots, each of
which was worth many times the amount of said execution, or
what the land sold for, yet it was sold in a lump or together.
This allegation of the complaint is not denied, and is there-
fore taken as true. We have, then, the fact, as stated in the
complaint, that the land was sold in a lump for the sum of
$100, and that the tract consisted of three separate lots, either
of which was worth many times that amount. This is plainly
contrary to Statutes, section 4484. This was an error com-
mitted by the sheriff which it is impossible for the court to
overlook, and for this reason this sale must be set aside.

Plaintiff also specifies as error the reviving of the judgment
against H. C. Ollis for the sum of $260 in favor of the defend-
ant, Kirkpatrick. To give the court jurisdiction, and enable
it to revive this judgment, it will be necessary to have the de-
fendant, H. C. Ollis, against whom Smith & Wright and
William Kirkpatrick obtained judgments, in court. He was
not a party in this suit, and no action can be taken looking to
the revival of judgment without having all the parties inter-
ested therein served with notice to appear and protect their
several rights therein, if any. As all the facts in this case
necessary to its final determination are now before the court,
and as final judgment can be given herein by this court, it is
not necessary to send this case back for new trial. It is there-
fore ordered and adjudged by this court that the judgment
entered by the district court herein on the twenty-sixth day of
January, 1891, be, and the same is hereby, set aside and an-

nulled, and held for naught. It is further ordered, adjudged, and decreed that the sale of the lots 3, 4, 5, in section 21, township 3 south of range 34 east, of Boise meridian, is also set aside and annulled, leaving the land subject to liens of the judgment in the case of *Giggy et al. v. Daniel Ollis* in full force and effect, to be proceeded with in accordance with law. Inasmuch as the judgment of the district court is set aside and annulled by this court upon the appeal of plaintiff, costs of this appeal are awarded to plaintiff.

Sullivan, C. J., and Huston, J., concur.