(January 17, 1908.)

HARVEY M. BACON, Appellant, v. LEMUEL J. RICE, Respondent.

[93 Pac. 511.]

ACTION TO QUIET TITLE—CROSS-COMPLAINT—TAX SALE—VALIDITY OF TAX SALE CERTIFICATES AND TAX DEEDS—CONSTITUTIONALITY OF LAW—LACHES.

1. Under the provisions of sec. 4188, Rev. Stat., the defendant may, in addition to his answer, file a cross-complaint demanding affirmative relief affecting the property to which the action relates.

2. The sufficiency of a cross-complaint, in an action to quiet title, is determined by the same rules as the sufficiency of the complaint.

3. In an action to quiet title, where a defendant relies upon title in himself, a cross-complaint is not necessary.

4. In an action to quiet title, where the defendant seeks to enforce an equitable title against the plaintiff as the holder of the legal title, a cross-complaint is proper.

5. In an action to quiet title, the defendant may put in issue the plaintiff's right to recover by denials alone, but where he seeks affirmative relief based upon an equitable title, and to have the title quieted in himself as against the plaintiff, it is necessary that he file a cross-complaint.

6. Where the defendant pleads title by reason of a tax sale and a tax deed issued thereon, and it appears that the law governing the assessment and sale of property for taxes has been substantially complied with, the original owner of the property cannot question the constitutionality of the law under which the sale was made, where he has not been misled, and had permitted the property to be sold for delinquent taxes, and the purchaser to take possession thereof and pay taxes thereon for a period of twelve years, during which time he has taken no steps to call in question the validity of such sale, or the title acquired thereunder.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Fremont County. Hon. J. M. Stevens, Judge.

Action to quiet title. Judgment for plaintiff. *Judgment affirmed.*

Soule & Soule, for Appellant.

Under our law the character of a tax sale certificate is such that it is not admissible in evidence for the purpose of establishing title to land. The courts have so held under similar statutes. (*Ludden v. Hansen,* 17 Neb. 354, 22 N. W. 766; *Cruser v. Williams,* 13 N. D. 284, 100 N. W. 721.) A tax sale certificate does not convey any title whatever to the purchaser or holder of said certificate, but only a lien for taxes vests in such purchaser. (Sec. 1547, Rev. Stat., as amended; *State v. Godfrey,* 62 Ohio St. 18, 56 N. E. 482; *Cruser v. Williams,* 13 N. D. 284, 100 N. W. 721; *Wilson v.*

*Wood,* 10 Okl. 279, 61 Pac. 1045; *Ives v. Beeler,* 9 Kan. App. 892, 59 Pac. 726; *Felch v. Travis,* 92 Fed. 210; *Wilcox v. Leach,* 123 N. C. 74, 31 S. E. 374; *Horn v. Garry,* 49 Wis. 464, 5 N. W. 897; *Phillips v. Meyers,* 55 Iowa, 265, 7 N. W. 580; *Spratt v. Price,* 18 Fla. 289; *Dolph v. Barney,* 5 Or. 191.)

The tax sale certificates introduced in evidence for the sales of the land in question for the delinquent taxes for the years 1895, 1896, 1897 and 1898, and the tax deed based on the tax sale certificate for the year 1898, show upon their face that in each case the land in controversy was struck off to the county as the purchaser on the first day of the sale and the first time the property was offered for sale. Under our statutes this recital in the certificates and deed renders them all null and void. The decisions of all the courts on similar statutes unanimously hold that such certificates of sale and such tax deeds are void. (*Magill v. Martin,* 14 Kan. 67; *Larkin v. Wilson,* 28 Kan. 513; *Norton v. Friend,* 13 Kan. 533; *Babbitt v. Johnson,* 15 Kan. 252; *Thompson v. Roberts,* 16 S. D. 403, 92 N. W. 1079; *Reckitt v. Knight,* 16 S. D. 395, 92 N. W. 1077; *Hanenkratt v. Hamil,* 10 Okl. 219, 61 Pac. 1050; Cooley on Taxation, 2d ed., p. 510; *Dyke v. Whyte,* 17 Colo. 296, 29 Pac. 128; *Charlton v. Kelley,* 7 Colo. App. 301, 43 Pac. 455, 24 Colo. 273, 50 Pac. 1042; *Charlton v. Toomey,* 7 Colo. App. 304, 43 Pac. 454; *Wade v. Crouch,* 14 Okl. 593, 78 Pac. 91.)


J. D. Millsaps, for Respondent.

In an action to quiet title, the defendant must answer, setting up whatever right, title or interest he may have or claim in the property, if he intends to insist upon the validity of such claim as a defense, and he must plead all his claims, for he will be concluded as to all of them, whether pleaded or not, as it is the purpose of the action to settle in one comprehensive suit and put finally to rest all conflicting claims to the title. (2 Ency. of Pl. & Pr. 349; *Pennie v. Hildredth,* 81 Cal. 127, 22 Pac. 398; *People v. Center,* 66 Cal.

551, 5 Pac. 263, 6 Pac. 481; *Landregan v. Pippin,* 94 Cal. 465, 29 Pac. 771; *Burris v. Kennedy,* 108 Cal. 331, 41 Pac. 458; *Webber v. Clarke,* 74 Cal. 11, 15 Pac. 431.)

A tax sale certificate is admissible in evidence for the purpose of establishing title to land after time for redemption has expired, and especially is this so where the county became the purchaser and has or has not sold its interest. (Black on Tax Titles, 2d ed., p. 391, par. 315; *Dolph v. Barney,* 5 Or. 191; *Quinby v. North American Coal Co.,* 2 Heisk. 596; *McCready v. Sexton,* 29 Iowa, 356, 4 Am. Rep. 214; *Henderson v. Olive,* 32 Iowa, 512; *Clark v. Thompson,* 37 Iowa, 536; *Hall v. Theisen,* 61 Cal. 524; *DeTreville v. Smalls,* 98 U. S. 517, 25 L. ed. 174; *Keely v. Sanders,* 99 U. S. 441, 25 L. ed. 327; *Bryant v. Estabrook,* 16 Neb. 217, 20 N. W. 245; *State v. Van Every,* 75 Mo. 530; *Overing v. Foote,* 43 N. Y. 290.)

If there was a valid sale of the property in 1896 for the taxes of 1895 and the county acquired a good and valid title to the same under said sale, then all subsequent sales were invalid and void, and no subsequent sale of the property, however illegal it may be, can render the previous sale invalid and void. Substantial compliance with the law is all that is required in tax titles, and no assessment or act relating to assessments is illegal on account of any informality. (Sec. 1704, Rev. Stat.; *Co-operative Savings and Loan Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Martin v. Garrett,* 49 Kan. 131, 30 Pac. 168; *Mack v. Price,* 35 Kan. 134, 10 Pac. 521; *Callanan v. Hurley,* 93 U. S. 387, 23 L. ed. 931.)

STEWART, J.—This is an action brought under the provisions of sec. 4538, Rev. Stat., which provides that "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." The complaint is in the ordinary form of an action to quiet title. The plaintiff alleges that for more than fifteen years immediately preceding the commencement of the action, he has been the owner and in possession of and claims title in fee to the land described; that the defendant claims some estate,

right, title or interest in or to the premises, the nature and extent of which is unknown to the plaintiff, unless it be that the defendant claims the title or interest through and by virtue.of a quitclaim deed from one Bird H. Miller and Rose D. Miller, his wife, purporting to convey the premises to the defendant, and the plaintiff alleges that if defendant claims title through said deed, that said Bird H. Miller and Rose D. Miller had no title to said land conveyed or attempted to be conveyed by said quitclaim deed, and that the claim or claims of the defendant are without right or title.

To this complaint the defendant answered, denying specifically the allegations of the complaint, except admitting that the defendant claims an estate and title to said premises, and admits that he claims title by virtue of a quitclaim deed from one Bird H. Miller, and denies that Miller had no title to said premises. And for cross-complaint, the defendant alleges that said premises were sold at tax sale to the county of Fremont for nonpayment of taxes for the years 1895, 1896, 1897, 1898, 1899, 1900, 1901, 1902 and 1903, and that Fremont county assigned the certificates of tax sale to one Bird H. Miller; that on July 14, 1905, the assessor and *ex-officio* tax collector of Fremont County made, executed and delivered to said Bird H. Miller a tax deed to said premises for the delinquent taxes upon said property for the years 1895, 1896 and 1897, and on the same day executed another tax deed to said Bird H. Miller for said premises, for the delinquent taxes for the year 1898, and on September 25, 1905, Bird H. Miller and wife conveyed said premises to this defendant by quitclaim deed. The defendant further alleges that he is the owner of said premises and has been since October 3, 1905, the date of the delivery of the deed from Bird H. Miller to this defendant, and since which date he has been in the possession, holding and claiming adversely to the plaintiff and adversely to all other persons, the lands and premises described in the pleadings and in the Miller deed; and that at the commencement of this suit, the defendant and his grantors for more than five years had been in the quiet and peaceable possession, claiming the same under color of right and title, open and

notoriously to the plaintiff and all the world, and that defendant paid all the taxes assessed against said premises, and that the plaintiff has no right or title to the same, from which he prays that his title be quieted.

To this cross-complaint, the plaintiff filed a motion for an order requiring that the defendant make his cross-complaint on file more definite and certain, by separating and stating the different causes of action set out, contending that inasmuch as the cross-complaint sets up several tax sale certificates and two separate tax deeds, that each tax sale certificate and tax deed constitutes a separate cause of action, and that the cross-complaint should plead a separate cause of action upon each tax certificate and tax deed. The plaintiff also filed a demurrer to the cross-complaint, setting forth practically the same grounds as the motion. Both the motion and the demurrer were overruled by the court.

The appellant assigns as error No. 1, the action of the court in denying the motion of the appellant to require the defendant to make his cross-complaint more definite and certain.

Under the provisions of sec. 4188, Rev. Stat., the defendant may, in addition to his answer, file a cross-complaint demanding affirmative relief affecting the property to which the action relates. The defendant in his cross-complaint was required to state all, but no more, than the plaintiff was required to state in his complaint. The cross-complaint asked for the same relief as the complaint. Its sufficiency is to be determined by the same rules of pleading as the complaint. It was unnecessary in the cross-complaint to set forth the evidence by which the cross-complainant expected to prove his title. He might have contented himself by alleging ownership and possession, and under such allegations, have proven his title, the same as the plaintiff could prove his title under similar allegations. The defendant has gone further than the law required him to do, by stating the proof upon which he based his title. A cross-complaint must, like a complaint, state facts sufficient to entitle the pleader to affirmative relief. Like a complaint, it must itself contain all the requisite facts. (*Coulthurst v. Coulthurst*, 58 Cal. 239; *Collins v. Bartlett*, 44

Cal. 371; *Kreichbaum v. Melton,* 49 Cal. 50.)   In an action to quiet title where defendant relies upon title in himself, a cross-complaint is not necessary.   (*Miller v. Luco,* 80 Cal. 257, 22 Pac. 195; *Bulwer etc. Mining Co. v. Standard etc. Mining Co.,* 83 Cal. 589, 23 Pac. 1102; *Mills v. Fletcher,* 100 Cal. 142, 34 Pac. 637.)   However, in an action to quiet title where the defendant seeks to enforce an equitable title against the plaintiff as a holder of the legal title, a cross-complaint is proper. (*Winter v. McMillan,* 87 Cal. 256, 22 Am. St. Rep. 243, 25 Pac. 407.)

In this case the defendant might have put in issue the plaintiff's right to recover by denials alone.   However, if the defendant desired to have title quieted in himself, as against the plaintiff, it was necessary that he file a cross-complaint.   In the cross-complaint, he was not required to state facts any more elaborately than he would have been required to state such facts had the defendant brought an action originally against the plaintiff to quiet title.   It was, therefore, not necessary for the defendant to plead the several tax certificates and tax deeds which he set forth in his cross-complaint, as the same are muniments of title and need not be plead.   The cause of action set forth in defendant's cross-complaint was his title or interest in the lands involved; the tax certificates and deeds were the evidence offered to support that interest or title.   There was but one cause of action.   The court committed no error in overruling the motion and demurrer.

The appellant assigns as error, in specifications from 3 to 12, inclusive, the action of the court in admitting in evidence certain tax sale certificates, contending that under the statute a tax sale certificate is not admissible for the purpose of establishing title to land.   This is correct.   Under sec. 1547, Rev. Stat., as amended by the laws of 1899, p. 267, and laws of 1901, p. 276, sec. 126, the tax sale certificate vests in the purchaser only a lien for the sum paid.   In this case the defendant having alleged in his cross-complaint the sale of the property in controversy for taxes, the issuing of certificates of sale therefor and the acquisition of the interests covered by such certificates by this defendant, the defendant was entitled

to introduce such certificates for the purpose of showing that the plaintiff was not entitled to have his title quieted, as against this defendant, without first discharging such lien covered by such tax certificates, and upon that ground alone, such tax certificates were admissible in evidence.

The plaintiff, however, contends that inasmuch as the defendant has plead title under such issue, he could not prove a lien upon the premises in controversy. This contention is not sound. While the defendant alleges title in fee, yet if in the trial of the case it should develop that he does not own a title in fee, but does own a lien upon the premises which has not been discharged by the plaintiff under the general issue, he could prove such fact and thereby defeat the plaintiff's right to have his title quieted as against said lien. In this case, the tax certificates clearly established a lien, and in no event could the plaintiff recover as against such liens without discharging the same. (*Brandt v. Thompson,* 91 Cal. 458, 27 Pac. 763; *DeCazara v. Orena,* 80 Cal. 132, 22 Pac. 74.)

Error No. 13 specifies the action of the court in admitting in evidence the assignment of the tax sale certificate, by the board of county commissioners of Fremont county to Bird H. Miller. Specifications 14 and 15 relate to the admission in evidence of the two tax deeds. We will discuss these three errors together.

The appellant contends that the tax sales were void; therefore the county had no interest to assign to Bird H. Miller, the grantor of the defendant. This argument is based upon the contention that the tax sale certificates for the years 1895, 1896, 1897 and 1898, and the tax deed issued thereon, show upon their face, first, that the county was a competitive bidder at each of said sales; second, that notice of sale was never published as required by law for either of said sales; third, that they do not show or recite when the purchaser will be entitled to a deed. The first contention is based upon the provisions of sec. 1539, Rev. Stat., as amended by laws of 1901, p. 274, which reads:

"But in case there is no purchaser in good faith for a portion not less than the whole of the property embraced in any

one separate description, the assessor may sell the whole there-
of, and if there is then no purchaser on the first day that the
property is offered for sale, then when the property is offered
thereafter for sale, and there is no purchaser in good faith
of the same, the whole amount of the property assessed in any
one separate description shall be struck off to the county or the
purchaser and the duplicate certificate delivered to the county
treasurer and filed by him in his office.''

The first tax certificate, which is common as to all, except
as to dates, among other things, recites:

''After due and legal notice as required by said chapter, on
the 9th day of July, 1896, in accordance with law, offered for
sale to pay said taxes at public auction, in front of the county
courthouse of said county, that at said auction Fremont
county was a bidder who was willing to take the least quan-
tity or smallest portion of the interest in said land and pay
the taxes, costs, etc. . . . . and said property was by me, J.
C. Brannan, assessor and tax collector, struck off to the said
Fremont county, who paid the full amount of said taxes, etc.''

The tax deed recites, among other things, the time of publi-
cation of the delinquent tax list upon which said sale was
based, and also:

''And there was no purchaser for the same who was will-
ing to take the least quantity or smallest part of said property
and pay said taxes and costs as provided by law, therefore the
whole amount of said property was by said assessor, at the
proper time and place, struck off to Fremont county,'' and
''that such property was sold subject to redemption within
two years from the date of any one of said sales.''

The argument of counsel is, that under the provisions of
sec. 1539, *supra,* as amended, the county should have offered
said property for sale on one day, and if there was no bidder
at such sale, should have waited until the next day before it
was again offered or could be ·purchased by the county.   To
support this contention, we are cited to a statute of the state
of Colorado construed by the supreme court of that state.
There is a very wide difference between the statutes of Colo-

rado, and of this state, upon this subject.    Session Laws of Colorado, 1879, p. 155, reads:

"If there shall be no bid for any tract offered, the treasurer shall pass it over for the time and shall reoffer it at the beginning of the sale next day, until all tracts are sold."

The statute of this state, however, does not provide that it shall be first offered, and if not sold, that it may be offered on the next day, and the county may become the purchaser.    The statute of this state provides "that the assessor may sell the whole thereof, and if there is then no purchaser on the first day that the property is offered for sale, then when the property is offered thereafter for sale and there is no purchaser, the same may be struck off to the county."    In other words, this statute requires the assessor to first offer the property generally, and if there is no offer to purchase, then he may again offer the property upon the same day or at any time subsequent to the first offer, and if there be no purchaser, then the same may be struck off to the county.    We think it sufficiently appears from the certificates of tax sale and the deed, that this course was substantially pursued in the sales covered by said certificates, and that the county was not a competitive bidder.

The contention that the notice of sale for delinquent taxes and the certificates do not show when the purchaser will be entitled to a deed, may be considered together, and are based upon the contention that, while it is true, that the first tax sale was regular and the certificate issued in accordance with the law, as it appeared upon the statute books, and that the deed was regular and made in accordance with the law as it appeared on the statute books, yet inasmuch as the certificates and deed show upon their face that the sale was conducted and such certificate and deed issued under the provision of sec. 1530, Rev. Stat., as amended by the laws of 1895, p. 101, and Rev. Stat., sec. 1532, as amended by the laws of 1891, p. 235, the charge is made that such amendatory acts have not been passed as required by the constitution of this state, therefore the sale and deed are void and the defendant acquired no title to said property.

Counsel also contends that the deeds are void for the reason that the property was sold subject to redemption within two years from date of sale, as provided by the amendment of sec. 1548, laws of 1895, p. 101, while the original section before amendment allows one year from the date of purchase for redemption, and that said amendment was not passed according to the requirements of the constitution.

Rev. Stat., sec. 1544, provides:

"After receiving the amount of the taxes and costs, the collector must take out in duplicate a certificate, dated on the day of sale, stating (when known) the name of the person assessed, a description of the land sold, the amount paid therefor, that it was sold for taxes, giving the amount and year of the assessment, and specifying the time when the purchaser will be entitled to a deed."

Rev. Stat., sec. 1555, provides:

"The matters recited in the certificate of sale must be recited in the deed, and such deed, duly acknowledged or proved, is *prima facie* evidence that:

"1. The property was assessed as required by law;

"2. The property was equalized as required by law;

"3. The taxes were levied in accordance with law;

"4. The taxes were not paid;

"5. At a proper time and place the property was sold as prescribed by law, and by the proper officer;

"6. The property was not redeemed;

"7. The person who executed the deed was the proper officer.

"8. Where the real estate was sold to pay taxes on personal property, that the real estate belonged to the person liable to pay the tax."

And Rev. Stat., sec. 1556, provides:

"Such deed duly acknowledged or proved is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

It will thus be seen that the tax certificate and tax deed to which objection is made recite facts which it was not necessary

to recite in either. The statute makes certain matters in the deed *prima facie* evidence of certain facts, and conclusive evidence as to certain other facts, and requires the deed to recite the matters required to be recited in the certificate of sale. But, assuming that under the recitals in the tax certificate and deed the officers acted under the authority of the amendatory acts, which counsel claim are unconstitutional, yet we do not believe that the appellant is in a position to question the constitutionality of such acts.

It will be observed that this property was assessed for taxes in the year 1895, and that it was sold in July, 1896, for the delinquent taxes for the year 1895. It was appellant's duty to bear his share of the burdens of taxation. He knew what the law was; he knew that his property was subject to taxation; he knew that taxes became delinquent once a year, yet from the year 1895 until after this action was commenced, the appellant gave no attention whatever to the duty imposed upon him, to discharge his share of the burdens of taxation. From the evidence it appears that he made no inquiry about the taxes; that he never offered any payment; that he never ascertained whether the property had been sold. He permitted others to pay the taxes; he stood by and permitted a tax deed to be issued in 1905 for the delinquent taxes for the year 1895. From 1895 up until this suit was commenced, August 6, 1906, the plaintiff exercised no fixed, specific ownership over the property in controversy. His possession was casual and questionable, and after the execution of the tax deed in 1905, the defendant appears to have been in possession, and long before that the plaintiff's possession was divided with others.

Under all the facts in this case, we are clearly of the opinion that the appellant is not in a position to raise the constitutionality of the acts in question. The appellant is certainly guilty of such laches in paying his taxes and asserting his right and ownership to this property that he should not now be permitted to come into a court of equity and ask that such silence be permitted to inure to his benefit.

What constitutes laches depends upon the circumstances of each case. No arbitrary rule exists, and it is for the courts to determine from all the facts and circumstances surrounding each particular case whether or not the party is guilty of laches. (16 Cyc. 152; *Sayers v. Burkhardt*, 85 Fed. 246, 29 C. C. A. 137.) As was said by the supreme court of Illinois in the case of *Oakley v. Hurlburt*, 100 Ill. 204, where the owner of property suffers the same to be sold for taxes, and the purchaser takes possession and pays taxes for the period of twelve years, the owner will not be heard to allege under such circumstances that he was injured in that way. In this case, the respondent and his grantor have paid the taxes from 1895 to the commencement of this suit and the appellant has never paid one cent of taxes. A person may by his own acts or by his own omission to act, waive a right which he might otherwise have under the provisions of the constitution. (8 Cyc. 791.) The certificate of sale issued in July, 1896, for the delinquent taxes for the year 1895 is not void, and the deed made in April, 1905, upon said tax sale certificate, even though the tax deed covers sales for other years, would not for that reason be void. While it is true that after property has once been sold for delinquent taxes to the county, it cannot again be offered for sale during the period of redemption, still if the sale in 1896 was valid, and the deed issued thereon is valid, it is immaterial whether the subsequent sales are valid or not. The grantee's title would be complete under the sale made in 1896 for the delinquent taxes for the year 1895, and the deed issued thereon.

In the case of the *Co-operative Savings & Loan Assn. v. Green*, 5 Ida. 660, 51 Pac. 770, this court, speaking through Justice Sullivan, says:

"Substantial compliance with the requirements of the law in making assessment is all that is necessary. If property is subject to taxation, it cannot escape through some technical failure of the officer to perform his duty, unless it has actually misled the party to his injury."

The appellant not being in a position to question the regularity of the passage of the amendatory acts under which the

tax sale was held and the certificate and deed issued, and the law having been substantially complied with, and it appearing that the appellant has in no way been misled, we are clearly of the opinion that he should not escape the provisions of the law as to the taxation of his property and the divestment of title thereunder. The law having been substantially complied with, and the sale of 1896 for the delinquent taxes for 1895 being valid, the court committed no error in holding that the plaintiff had been divested of his title to said property.

The judgment of the lower court will be affirmed with costs.

Ailshie, C. J., and Sullivan, J., concur.