(February 6, 1923.)

## MAY BELLE COGHLAN, Appellant, v. CITY OF BOISE, a Municipal Corporation, Respondent.

[212 Pac. 867.]

REAL PROPERTY—SHERIFF'S SALE—ACTION TO SET ASIDE—RULE AS TO SALE EN MASSE—QUIETING TITLE—CROSS-BILL FOR AFFIRMATIVE RELIEF—MODIFICATION OF JUDGMENT.

1. A judgment debtor, being present at an execution sale of real property, with the right under the statute to direct the order in which such property shall be sold, who makes no request of the officer as to the order in which he desires the property sold, cannot thereafter be heard to complain that it was sold *en masse*, no bids having been received for lots and parcels separately offered.

2. The sale of separate parcels of real property *en masse* in disregard of C. S., sec. 6924, is not void, but only voidable and subject to be set aside on timely and proper application, and a

sale *en masse* is not prohibited by said section where the lots or parcels cannot bo separately sold. And while this rule is controlling and should be strictly followed, it cannot be held to apply where each known lot or parcel is first separately offered for sale and no bids are received for said lots or parcels thus offered. Known lots or parcels may then be offered for sale and sold as a whole, and such sale will be upheld unless other reasons appear for avoiding the same.

3. In an action to quiet title, where the defendant relies upon title in himself, a cross-complaint is not necessary. But where the defendant desires title quieted in himself, as against the plaintiff, it is necessary that he file a cross-complaint.

4. This court has the power to modify a judgment, and to direct that proper judgment be entered in the trial court, but this court will not direct the modification of a judgment in the lower court where such corrected judgment would not change the legal status of the parties with respect to the action.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to quiet title. Judgment for defendant. *Affirmed.*

P. E. Cavaney, for Appellant.

Where land levied upon by *fieri facias* is divided into distinct parcels it must be sold in that way. (17 Cyc. 1249; *Ollis v. Kirkpatrick*, 3 Ida. 247, 28 Pac. 435; *City of San Francisco v. Pixley*, 21 Cal. 56; *Cohen v. Menard*, 136 Ill. 130, 24 N. E. 604; *Brown v. Duncan*, 132 Ill. 413, 23 N. E. 1126; *Catlatt v. Gilbert*, 23 Ind. 614; *Whitney v. Armstrong*, 32 Iowa, 9; *White v. Robert*, 112 Ky. 788, 66 S. W. 158; *Jackson v. Newton*, 18 Johns. (N. Y.) 355.)

Demand on sheriff by the defendant to sell real property according to law not necessary. (*State v. Leach*, 10 Ind. 308; *Reed v. Diven*, 7 Ind. 189.)

Publisher's Note.

3. Right to affirmative relief quieting title on cross-bill, see notes in Ann. Cas. 1917D, 674; 12 L. R. A., N. S., 64.

It is the duty of the officer to sell the property so as to produce the largest price and the least injury to the debtor.    (17 Cyc. 1251.)

Where execution has been levied on detached parcels of land, the sale of the whole in one lot for one bid after the offer in parcels has failed to bring bidders is not allowable, this rule being based on the grounds that the owner cannot thus be deprived of the statutory right to redeem any one of the parcels without being compelled to redeem the others.    (*Udell v. Kahn*, 31 Mich. 195; *Lee v. Mason*, 10 Mich. 403; *Ollis v. Kirkpatrick, supra.*)

Offering three tracts together after offering three separate tracts, having received no bids, was held to invalidate the sale on the theory that the sheriff should have offered two of the three together.    (17 Cyc. 1252; *Douthett v. Kettle*, 104 Ill. 356; *Cohen v. Menard, supra; Phelps v. Canover*, 25 Ill. 309; *Morris v. Robey*, 73 Ill. 462.)

The rule in Tennessee is that the sale in lump is absolutely void.    (*Jaques v. Walters*, 2 Lea (Tenn.), 116; *Mays v. Wherry*, 2 Baxt. (Tenn.) 133; *Winter v. Burford*, 6 Cold. (Tenn.) 328.)

J. M. Lampert and B. W. Oppenheim, for Respondent.

In an action to quiet title, where a defendant relies upon title in himself, a cross-complaint is not necessary. (*Bacon v. Rice*, 14 Ida. 107, 93 Pac. 511.)

The mere fact that lands are sold in gross and not in lots is not of itself a sufficient ground for setting the sale aside.    There must be some attendant fraud, unfair dealing, or abuse of confidence, in order to obtain the aid of a court of equity to divest title so acquired.    (*Miller v. Trudgeon*, 16 Okl. 337, 8 Ann. Cas. 739, 86 Pac. 523; *Thomas v. Thomas*, 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283; *Hudepohl v. Liberty Hill Water etc. Co.*, 94 Cal. 588, 28 Am. St. 149, 29 Pac. 1025; *Riddell v. Harrell*, 71 Cal. 254, 12 Pac. 67; 24 Cyc. 25.)

A sale *en masse* is not necessarily void, nor even irregular. *(Bechtel v. Wier,* 152 Cal. 443, 93 Pac. 75, 15 L. R. A., N. S., 549.)

The weight of authority is that where the statutory requirements have not been observed, the sale is voidable merely and not void. (*Willard v. Finnegan,* 42 Minn. 476, 44 N. W. 985, 8 L. R. A. 50; *Shelton v. Franklin,* 224 Mo. 342, 135 Am. St. 537, 123 S. W. 1084; *Thomas v. Thomas, supra.*)

Where land is first offered in lots and no bids are received, it may then be sold *en masse* and the sale will be upheld, unless other reasons appear for setting it aside. (*Ollis v. Kirkpatrick,* 3 Ida. 247, 28 Pac. 435; *Glenn v. Bechtel,* 152 Cal. 16, 93 Pac. 78; *Bechtel v. Wier, supra; Copper v. Iowa Trust etc. Bank,* 149 Iowa, 336, 128 N. W. 373; *Anglo-Californian Bank v. Cerf,* 142 Cal. 303, 75 Pac. 902; *San Francisco v. Pixley,* 21 Cal. 56; *Connick v. Hill,* 127 Cal. 162, 59 Pac. 832; *Marston v. White,* 91 Cal. 37, 27 Pac. 588; 23 C. J. 634, sec. 590.)

Where separate lots in a block are contiguous, and are owned by a single individual, they may properly be assessed as one parcel. If so assessed, a sale of them in bulk is, in effect, a sale of a single parcel. (*Houghton v. Kern Valley Bank,* 157 Cal. 289, 107 Pac. 113; 37 Cyc. 1344, 1345.)

As the rule requiring a sale in parcels is intended for the benefit of execution defendant, compliance with it may be waived by him, and such waiver may be implied from his acquiescence in the sale or from his delay in objecting thereto. (23 C. J. 635, sec. 591; *Hudepohl v. Liberty Hill Water etc. Co., supra.*)

By being present at the sale and failing to make any objection, defendant waives any irregularity in selling *en masse.* (*O'Bryan v. Davis,* 103 Ala. 429, 15 So. 860.)

WM. E. LEE, J.—This action was instituted for the purpose of quieting title to the east four feet of Lot 4, Block 55, Original Townsite of Boise City. In 1913, legal

title to Lot 4, including the strip of ground in question, and Lots 2, 3, 5 and 6, stood in the name of Sarah Bowers, the mother of appellant, and it was assessed for taxes for that year to her. The tax so assessed was not paid and became delinquent. A delinquency certificate was subsequently issued to Ada county, and was thereafter assigned to W. E. Johnston, defendant in the court below, who commenced and prosecuted to final judgment an action to foreclose the same. In the complaint and throughout the foreclosure proceedings the description of the property as it appeared on the assessment-roll was followed. The appellant appeared in the foreclosure suit, but did not answer. The lots were sold by the sheriff to satisfy the judgment and were purchased by Johnston to whom a sheriff's deed to the property was thereafter delivered.

Subsequent to this appeal, Johnston's title was acquired by the city of Boise, and, upon stipulation, the city of Boise has been substituted as respondent.

Prior to the commencement of this action in the district court, Sarah Bowers conveyed the lots to appellant, and prior to the expiration of the period of redemption appellant attempted to redeem this four-foot strip by offering $500 to the sheriff and Johnston, respectively, each offer being refused. This sum was not sufficient to redeem the entire property sold.

Appellant contended in the lower court that the east four feet of Lot 4 was separately assessed for taxes in 1913, and that the sheriff in the foreclosure sale did not offer for sale the said four feet, nor did he offer the said property in the smallest known piece or parcel of land as required by C. S., sec. 6924. In support of her contention, appellant put in evidence the judgment-roll and the return of the sheriff in the foreclosure sale. Among other things, the return shows the following:

"I first offered at public auction said property by lot, each singly and separately, and no bid being made for said lots singly or separately as so offered, I then so offered all and singular, the said property in one parcel, and

sold the same at public auction sale to W. E. Johnston, the plaintiff who was the highest bidder therefor. . . . . ''

There is in the record no evidence whatever that this strip was in fact a separate parcel at the time of the sale, to wit, May 13, 1916. In 1913, 1914, 1915 and 1916, the entire property was assessed as Lots 2, 3, 4, 5 and 6, although after the assessment was made in 1915 it seems that some change was made in the assessment of Lot 4, and in 1917 the strip was separately assessed. On September 8, 1915, subsequent to the 1915 assessment, Sarah Bowers conveyed the identical property to appellant, as Lots 2, 3, 4, 5 and 6. It is not, therefore, reasonable to conclude that the strip in question at the time of the sale constituted ''a known lot or parcel.''

In the absence of any evidence that, at the time of the sale, this four-foot strip was, in the language of the statute, ''a known lot or parcel,'' the sheriff was not required to first offer for sale the east four feet, the west four feet or any other number of feet of Lot 4, except upon demand of the judgment debtor, appellant herein.

There is another important reason why appellant should not now be heard to complain of the action of the sheriff in the sale of this property. Her attorney is shown by the record to have been present at the sale, and under C. S., sec. 6924, he had a right to direct the order in which the ''known lots or parcels'' of this property be sold. No request of the sheriff to separately offer for sale the strip of ground in question was made by appellant's attorney. The execution directed the sheriff to sell Lots 2, 3, 4, 5 and 6. The judgment debtor, being present at the sale, by and through her attorney, with the right under the statute to direct the order in which she desired the property sold, should have directed the sheriff to offer this small strip of ground for sale separately from the remainder of Lot 4, if she desired that it be offered for sale in that manner. Having stood silent, she should not now be heard to complain of the manner in which the property was sold.

This question was before this court in the case of *Ollis v. Kirkpatrick*, 3 Ida. 247, 28 Pac. 435. In that case the court, in the syllabus, said: "When real property consists of several known lots or parcels, they must be sold separately or offered for sale in parcels, and if no bids are received, and the lots or parcels are adjacent, they may then be sold in a lump."

In that case, however, because it was alleged and not denied that the tract of land sold "consisted of three separate lots, each of which was worth many times the amount of said execution, or what the land sold for," the court set aside the sale.

Inadequacy of price is not an issue in this case, and there is no intimation that a larger sum could have been obtained for the property if the land had been sold in the manner now suggested by appellant, and since the sale was legally conducted there is nothing in appellant's contention that it should be set aside simply to permit her to redeem this strip of ground.

The sale of separate parcels of real property *en masse* in disregard of C. S., sec. 6924, is not void, but only voidable and subject to be set aside on timely and proper application, and a sale *en masse* is not prohibited by said section where the lots or parcels cannot be separately sold. And while this rule is controlling and should be strictly followed, it cannot be held to apply where each known lot or parcel is first separately offered for sale and no bids are received for said lots or parcels thus offered. Known lots or parcels may then be offered for sale and sold as a whole, and such sale will be upheld unless other reasons appear for avoiding the same. (*Anglo-Californian Bank v. Cerf*, 142 Cal. 303, 75 Pac. 902; *Connick v. Hill*, 127 Cal. 162, 59 Pac. 832; *Bechtel v. Wier*, 152 Cal. 443, 93 Pac. 75, 15 L. R. A., N. S., 549; *Marston v. White*, 91 Cal. 37, 27 Pac. 588; *First Nat. Bank v. Hunt*, 101 Neb. 743, 165 N. W. 139.)

A second question is raised by this appeal. Defendant Johnston filed an answer to the complaint, denying the material allegations thereof, and alleging title in himself.

The prayer of the answer is that "plaintiff take nothing by her action, and that defendant have judgment for his costs." In the lower court, plaintiff made timely objection to the introduction of any evidence tending to establish title in defendant, because of his failure to allege title to the property by way of cross-complaint. This objection was overruled by the court, and defendant introduced evidence showing title in himself. The court found against plaintiff and in favor of defendant, quieting defendant's title in and to the property in dispute.

Under our statutes, the answer should contain a general and specific denial of the material allegations of the complaint controverted by the defendant, and in addition it may contain a statement of any new matter constituting a defense. The defendant may, when affirmative relief is sought, file a cross-complaint. In this case, defendant filed an answer specifically denying the material allegations of the complaint and .alleging title in himself. In the case of *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511, this court said: "In an action to quiet title where defendant relies upon title in himself, a cross-complaint is not necessary." The court also held in that case that "if the defendant desired to have title quieted in himself, as against the plaintiff; it was necessary that he file a cross-complaint." In this action, by his pleadings and prayer, defendant merely asked that judgment be not given for plaintiff and that he recover his costs, but the court, in its decree, went beyond this and gave defendant affirmative relief against the plaintiff, by quieting title in defendant.

"A defendant is not, as a general rule, entitled to affirmative relief unless he files a cross-bill." (10 R. C. L., p. 558, sec. 341.)

"The two chief ends of the cross-bill are, therefore, to secure affirmative relief to the defendant in regard to the matters in controversy, and to obtain a complete determination, among all the parties, of all the elements of dispute involved in or connected with the suit. In fact, since in an answer a defendant can pray for no other relief than to be

dismissed from court, affirmative relief can, generally speaking, be granted in favor of a defendant only on a cross-bill.'' (10 R. C. L., p. 484, sec. 262.)

Defendant was entitled to judgment as prayed for in his answer, and judgment in accord with such prayer would have just as effectually disposed of plaintiff's claim to the property as the judgment actually entered. This court has the power to modify a judgment, and to direct that proper judgment be entered in the trial court; but such a modification of the judgment in this case would be a useless act and would be of no benefit to plaintiff.

''While it is settled in this state that in an action to quiet title a defendant called upon by plaintiffs' action to quiet title to land to set up his own claim of title may file a cross-complaint setting up his own alleged ownership and asking that he be adjudged the owner, or may do the same thing in his answer, ordinarily no such practice is essential to his protection, as a conclusion against the plaintiff upon the issues raised by the complaint and answer fully determines the title as between the parties, and protects the defendant against any claim of the plaintiff as to title as fully as an affirmative decree in his favor would do.'' (*Larkin et al. v. Superior Court,* 171 Cal. 719, Ann. Cas. 1916D, 670, 154 Pac. 841.)

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Dunn and William A. Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit and took no part in the opinion.