# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 31708

TRAVIS J. V. KIEBERT and CYNTHIA L. KIEBERT, husband and wife,

 Plaintiffs-Appellants,

v.

CHARLES O. GOSS and KATHERINE B. GOSS, husband and wife; and their heirs and successors in interest; BONNER COUNTY, a political subdivision of the State of Idaho; JOHN DOES 1 through 10; et al.,

 Defendants,

and

EARLYN W. QUIRIN and VIOLET H. QUIRIN, husband and wife,

 Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Coeur d'Alene, April 2007 Term

2007 Opinion No. 66

Filed: May 1, 2007

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County.  Honorable Steven C. Verby, District Judge.

The decision of the district court is affirmed.

Finney Finney & Finney, P.A., Sandpoint, attorneys for appellants. John A. M. Finney argued.

James, Vernon & Weeks, P.A., Coeur d'Alene, attorneys for respondents.  Susan P. Weeks argued.

---

SCHROEDER, Chief Justice.

This is a quiet title case involving real property in Bonner County.

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Travis and Cynthia Kiebert (the Kieberts) filed a complaint to quiet title to two parcels of property: a parcel located in Government Lot 1 and a parcel referred to as the "triangular parcel." The Kieberts obtained default judgment on the parcel of property located in Government Lot 1. The triangular parcel is the property at issue on appeal. The Kieberts' complaint asserted that they were record owners and/or had established title by adverse possession. They published a summons. Earlyn and Violet Quirin (the Quirins) filed an answer and affirmative defenses claiming that they owned the triangular parcel and had openly, notoriously, adversely, continuously, and exclusively possessed it for more than five years. The Quirins moved for summary judgment on the triangular parcel. The district court granted summary judgment and entered a judgment quieting title in favor of the Quirins against the Kieberts. The Kieberts filed a notice of appeal and moved for clarification of the order and judgment. The trial court denied the motion to clarify and affirmed the prior order. This appeal followed.

# II.
# STANDARD OF REVIEW

In an appeal from an order of summary judgment this Court's standard of review is the same as the standard used by the trial court. *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006) (citing *Infanger v. City of Salmon*, 137 Idaho 45, 44 P.3d 1100 (2002)). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review. *Id.*

# III.
# THE DISTRICT COURT DID NOT ERR WHEN IT TREATED QUIRINS' ANSWER AS A COUNTERCLAIM

The Kieberts object to the procedure allowed by the district court in deciding the Quirins' motion for summary judgment since the Quirins did not file a complaint or cross-claim.

Idaho Rule of Civil Procedure 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Rule 8(c) states that "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." "In an action to quiet title where [a] defendant relies upon title in himself, a cross-complaint is not necessary." *Coghlan v. City of Boise*, 36 Idaho 613, 620, 212 P. 867, 869 (1923) (quoting *Bacon v. Rice*, 14 Idaho 107, 93 P. 511 (1908)). In *Coghlan* the defendant answered specifically denying the material allegations in the complaint and prayed for relief that the "plaintiff take nothing" and that the defendant also receive costs. *Id.* The Court held that the defendant was entitled to the judgment in accord with what was sought in his answer. *Id.* at 621, 212 P. at 869.

The Quirins' answer specifically denied the plaintiff's claims and prayed for relief that "the Court enter an order quieting title to the land identified in this answer in favor of Defendants, and that said decree declare and adjudge that Defendants own in fee simple and are entitled to the quiet and peaceful possession of the real property identified in this answer." The district court did not err in treating the Quirins' answer as a counterclaim. *Id.*; I.R.C.P 8(c), (f).

## IV.
## THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT

The Kieberts maintain that the district court based its decision solely on the Kieberts' inability to prove adverse possession. They argue that the Quirins must prove the strength of their own title rather than rely on the weakness of the Kieberts' title and that the grant of judgment against the Kieberts on adverse possession does not result in a decree of quiet title to the Quirins. According to the Kieberts the district court's decision should be a partial summary judgment and the remaining issues should proceed to trial.

A motion for summary judgment should not be granted if the evidence construed in the light most favorable to the party opposing the motion presents a genuine issue of material fact or shows that the respondent is not entitled to judgment as a matter of law. *Pincock v. Pocatello Gold & Copper Mining Co.*, 100 Idaho 325, 328, 597 P.2d 211, 214 (1979). The burden of proving the absence of material facts is upon the moving party. *Hei v. Holzer*, 139 Idaho 81, 85, 73 P.3d 94, 98 (2003). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show that a genuine issue of material fact does exist. *Id.* A non-moving party must come forward with evidence by way of affidavit

3

or otherwise which contradicts the evidence submitted by the moving party, and which establishes the existence of a material issue of disputed fact. *Id.*; *Zehm v. Assoc. Logging Contractors, Inc.*, 116 Idaho 349, 350, 775 P.2d 1191, 1192 (1988). In *Zehm,* the non-moving party did not come forward with evidence, but their deposition testimony indicated that the facts asserted by the moving party were correct. *Id.*

A party seeking to quiet title against another must succeed on the strength of his or her own title and not on the weakness of the adversary. *Pincock*, 100 Idaho at 331, 597 P.2d at 217. The Quirins filed a verified answer setting forth their claim to title. Their motion for summary judgment was granted in part upon the Kieberts' answers to the Quirins' interrogatories and requests for admission. Additionally, the Kieberts' prior attorney repeatedly told the district court that his clients did not claim an interest in the property. The Kieberts did not present a genuine issue of fact or dispute to prevent the Quirins from obtaining summary judgment based upon their assertion of title. The Kieberts' present counsel claims that the summary judgment was or should be a partial summary judgment, only as to the issue of adverse possession. However, having disavowed any interest in the property, the Kieberts have no standing to challenge the judgment entered in the district court except as to the award of attorney fees.

## V.
## THE DISTRICT COURT'S AWARD OF ATTORNEY FEES WAS PROPER

An award of attorney fees under I.C. § 12-121 is appropriate where a party's claim or defense is frivolous, unreasonable, or without foundation. *Thomas v. Madsen*, 142 Idaho 635, 639, 132 P.3d 392, 396 (2006). If there is a legitimate, triable issue of fact or a legitimate issue of law, attorney fees may not be awarded under this statute. *Id.*

The district court found that the Kieberts had made no showing that they were record owners in fee simple or were successors in interest or met the elements of adverse possession of the triangular parcel. Because there was no showing on any of these claims, there was no foundation to pursue the action as against the Quirins. After taking into account the entire litigation, the court held that the Kieberts pursued the litigation frivolously and without foundation. The district court's decision is affirmed.

4

## VI.
## THE QUIRINS ARE AWARDED ATTORNEY FEES ON APPEAL

Attorney fees can be awarded on appeal under I.C. § 12-121 only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Thomas*, 142 Idaho at 640, 132 P.3d at 397. Legitimate issues concerning the district court's interpretation of laws do not result in an award of attorney fees. *Anderson v. Goodliffe*, 140 Idaho 446, 450, 95 P.3d 64, 68 (2004). However, the Kieberts failed to raise legitimate issues regarding the district court's decision. An effort was made to recast what was presented in the district court by prior counsel, but the record is clear that the Kieberts disavowed any interest in the triangular parcel and had no standing to contest the Quirins' claim. The appeal was brought frivolously, unreasonably, or without foundation.

## VII.
## CONCLUSION

The decision of the district court is affirmed. The Quirins are awarded costs and attorney fees on appeal.


Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

5