539 P.2d 259

**Manual GARREN, Plaintiff-Appellant,**

**v.**

**Robert E. BUTIGAN, Sheriff, Bonner County, Idaho, and United Pacific Insurance Co., Defendants-Respondents.**

**No. 11690.**

Supreme Court of Idaho.

Aug. 5, 1975.

(1951); *State v. Tisdel*, 94 Idaho 329, 487 P.2d 692 (1971).

John M. Sharp, Sharp, Anderson & Bush, Idaho Falls, for plaintiff-appellant.

Everett D. Hofmeister, Coeur d'Alene, for defendants-respondents.

McFADDEN, Justice.

The present action was commenced by plaintiff-appellant Manual Garren on December 21, 1962. Garren sought damages from defendants-respondents Sheriff Robert E. Butigan and United Pacific Insurance Co., his surety, for the loss of five machines which he had purchased at the sale of the property on execution on May 3, 1962.

After a lengthy pre-trial period which included an appeal to this court from an order dismissing plaintiff's complaint, *Garren v. Butigan,* 95 Idaho 355, 509 P.2d 340 (1973), the case was tried to the district court, Bonner County, on September 27, 1973. Plaintiff Garren appeals from the final judgment in that trial, entered the 13th day of June, 1974, dismissing his cause of action with prejudice. The respondent did not submit a brief on this appeal.

The facts, as developed at trial, are as follows: Appellant obtained a judgment against one Louis Adams in the Probate Court in Bonner County, Idaho. Pursuant to that judgment on March 9, 1962, a writ of execution was issued by the Probate Court and levied upon by Sheriff Butigan acting through his chief deputy, Michael Rose. At that time the sheriff took into his possession two ABC Strike Bowler Machines and three AMI machines (jukeboxes). The sheriff stored the machines in the showroom at Runck's Garage at Priest River, Idaho.

The sale of the machines was conducted on May 4, 1962 at the courthouse in Sandpoint, Idaho, pursuant to notice given on April 23, 1962. However, the machines

themselves remained at Runck's Garage in Priest River, some 22 miles away, where the plaintiff personally had inspected them and checked their serial numbers on May 4, 1962, prior to sale. At the time of his inspection plaintiff found the machines to be of good quality and in good condition. Plaintiff's attorney appeared at the sale at the courthouse in Sandpoint and bid the property in for him. Both a bill of sale and a certificate of sale dated May 7, 1962 were executed and issued to plaintiff by Butigan. The record does not disclose when these instruments were delivered to the plaintiff or his attorney.

Approximately ten days after the sale of the machines plaintiff went to Runck's Garage to get them. At that time he discovered the machines which he had previously inspected had been removed and replaced with less valuable or worthless machines with different serial numbers. At the time of trial four of the original machines were still missing and one of the Strike Bowler machines was in the possession of the then sheriff. At the close of the evidence in the trial plaintiff moved to amend his complaint to include damages for the value of all four of the missing machines. This motion was granted by the court.

The trial court found this sale fell within the provisions of I.C. § 11–304 which requires " * * * [w]hen the sale is of personal property, capable of manual delivery, it must be within view of those who attend the sale. * * *." The court held that the machines were capable of manual delivery and, acting on its own motion, held that the statute had been violated and that the sale was void. The district court also held that even if the sale was valid title passed at the time of sale and plaintiff bore the risk of loss from that time.

The appellant essentially makes two specifications of error. He contends that the sale was, if not valid, then merely voidable and, as such, the court erred in invalidating the sale on its own motion. Appellant further contends that the sheriff had a duty to deliver the machines to

him which the sheriff failed to do. Appellant argues that the machines were lost as a result of the sheriff's failure to safeguard the property while it was in his custody.

The trial court properly held this property was capable of manual delivery, and its sale fell within the provisions of I. C. § 11–304. Failure to comply with this section may be grounds, on proper motion by a proper party, for vacation of the sale. *Joy Mfg. Co. v. R. S. McClintock Diamond Drilling Co.*, 77 Idaho 309, 291 P.2d 874 (1955). The trial court erred, however, when it concluded that the sale was void and set aside the sale on its own motion.

In *Joy Mfg. Co. v. R. S. McClintock Diamond Drilling Co.*, supra, this court held that the entire absence of the property from the view of the bidders was fatal to the sale of the property. The court in *Joy* reversed the order of the trial court denying appellant's motion to vacate the sale. It should be noted that in *Joy* the appellant, who had an interest in the property as a creditor, had never even seen the property and refused to bid because the property was not in view. The subsequent sale in absentia to another party was described by the court as "a farce".

While plaintiff, as a purchaser, would have been a proper party to object to these irregularities, he did not. Indeed, the plaintiff made a complete inspection of the property prior to the sale. The sheriff did not object nor would he have been a proper party to object. To hold otherwise would do violence to the general rule of equity that a party will not be permitted to benefit by or take advantage of his own fault or neglect. *McKenney v. McNearney*, 92 Idaho 1, 435 P.2d 358 (1967).

It remains to determine whether the property remained in the custody of the sheriff after the sale and, if so, whether he failed to properly guard it.

I.C. § 11–308 provides:

"When the purchaser of any personal property capable of manual delivery pays

the purchase-money, the officer making the sale must deliver to the purchaser the property, and, if desired, execute and deliver to him a certificate of sale. Such certificate conveys to the purchaser all the right which the debtor had in such property on the day the execution or attachment was levied."

*Price v. Pace,* 50 Idaho 353, 296 P. 189 (1931), is persuasive. The plaintiff in *Price* had commenced an action in claim and delivery and directed the sheriff to seize a crop of wheat, the subject of the law suit. Pursuant to these directions the sheriff took possession of the crop and left it in an unguarded fenced pasture. The sheriff's keeper could not even see the property from where he worked, several miles away. The sheriff made delivery of the crop five days after the time plaintiff was first entitled to it. At that time 300 sacks of grain were missing.

In *Price v. Pace,* supra, decided under C.S. § 6765 (similar to I.C. § 11–308), this court stated:

"The statute (C.S. § 6765) imposes on the sheriff the duty, not only of safely keeping the property, but of delivering it to the party entitled thereto upon receipt of his fees for taking and keeping it. The sheriff may even hold the property until his fees are paid. [citations omitted] Nor is the sheriff's liability released if he fails to deliver the property promptly on the very day a party is entitled to its possession." 50 Idaho 360, 296 P. 191.

The court also stated the general rule that: "a sheriff is required to exercise ordinary reasonable care and diligence in keeping property coming into his possession under process, or levy." 50 Idaho 358, 296 P. 191. Furthermore, any negligence on the part of the sheriff's keeper in failing to safely keep or guard the property must be imputed to the sheriff.

We hold that in the present case, since the sheriff had not made delivery of the property immediately after sale, pursuant to sale he was charged with the custody of it. The plaintiff testified at trial that the machines were stored in the unlocked showroom at Runck's Garage in Priest River. When asked "Would anyone have access to them?" he replied, "Anybody could run off with them." This testimony was uncontradicted. The Sheriff had a duty to safely keep or guard the property in his custody. This he failed to do. See, *Price v. Price,* supra.

Based upon the foregoing, we conclude that plaintiff should have judgment for the value of the lost machines which the trial court determined to be $1,100.00 each for the three AMI machines and $1,300.00 for the ABC Strike Bowler. Therefore, judgment is reversed and the cause remanded with directions to the trial court to enter judgment for the value of the missing machines found by the trial court to be $4,600.00 with interest from the date of the sale.

The plaintiff made no showing at trial that he had complied with the provisions of I.C. § 41–1839 allowing attorneys fees, nor did he establish that he had given the sixty day notice. His request for attorneys fees is denied.

Reversed and remanded for proceedings in accordance herewith. Costs to appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.