874 F.2d 815
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a
New York corporation, Plaintiff-Appellee,
v.
SUN VALLEY RANCHES, INC., an Idaho corporation, Defendant-Appellant,
and
Charles Barron; Lloyd F. Barron; Katherine A. Cover,
formerly Katherine A. Barron, as personal representative of
the Estate of Jon H. Barron; United States of America,
acting through Farmers Home Administration, et al., Defendants.
 
 1
 No. 88-3696.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted March 7, 1989.
Decided April 21, 1989.
 
 3
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and EDWARD RAFEEDIE,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 We must determine whether the district court abused its discretion by concluding that Sun Valley Ranches (SVR) waived its objections to the conduct of a foreclosure sale.
 
 FACTS
 
 6
 In 1978 Equitable Life Assurance loaned SVR $1,250,000 secured by a first mortgage on SVR's 8,000 acres of real property and associated irrigation equipment. SVR defaulted in 1983. It has paid Equitable nothing on the debt in more than five years.
 
 
 7
 The Bankruptcy Court on May 20, 1985 dismissed a Chapter 11 proceeding brought by SVR. SVR filed its second Chapter 11 proceeding in May 1986 after the foreclosure sale was noticed but before it occurred.
 
 
 8
 The amended notice of sale stated clearly that the entire parcel of real property as well as the irrigation equipment would be sold "in one parcel." Although SVR had notice of the sale, it did not attempt to instruct the marshal as to the order in which to conduct the sale as permitted under Idaho Code Sec. 11-304 (1979). It did not request that the marshal divide the property into parcels for separate sale, that he sell the irrigation equipment separately or in the view of those who attended the sale.
 
 
 9
 The sale occurred on October 24, 1986, after the Bankruptcy Court lifted its stay. Equitable purchased the entire property at the sale for $1,745,673.03, the full amount of the debt, plus costs. SVR concedes that the purchase price far exceeds the property's value. The court below could not determine from the record whether an agent or representative of SVR attended the sale. After the sale, the Bankruptcy Court dismissed the Chapter 11 suit.
 
 
 10
 One day before the statutory redemption period would have expired, SVR filed a third petition in bankruptcy. The Bankruptcy Court dismissed.
 
 
 11
 The day the redemption period expired, SVR moved to set aside the foreclosure sale and the order confirming that sale. The district court denied the motion.
 
 DISCUSSION
 A. Standard of Review
 
 12
 This court must determine whether the court abused its discretion in refusing to set aside the foreclosure sale. See Suchan v. Suchan, 741 P.2d 1289, 1296 (Idaho 1986) ("Whether to set aside an execution sale lies largely within the trial court's discretion.").
 
 
 13
 B. Waiver of Objections to the Foreclosure Sale[1]
 
 
 14
 SVR challenges three aspects of the foreclosure sale. First, it contends that the marshal should have sold the real property in separate parcels. Second, it asserts that he should have sold the irrigation equipment separately from the real property. Finally, it claims that he should have sold the irrigation equipment in the view of those who attended the sale. The court held that SVR waived any objection to the sale "en masse" by failing to object to the manner of sale and failing to exercise its right to direct the order of sale.
 
 
 15
 Idaho Code Sec. 11-304 governs the conduct of a foreclosure sale.[2] Idaho courts require irregularities coupled with gross inadequacy of price to set aside a sale violating the statute. See Suchan, 741 P.2d at 1296 ("In general, gross inadequacy of price coupled with irregularities in the sale warrants vacation."); Gaskill v. Neal, 293 P.2d 957, 960 (Idaho 1956); Federal Land Bank v. Curts, 262 P. 877, 880 (Idaho 1927).
 
 
 16
 SVR does not argue inadequacy of price. Equitable bid the full amount of the debt, an amount well above the property's appraised value. SVR argues only that the sale as one parcel prevents it from redeeming a smaller amount of property. Because the price was adequate, SVR had to object to any irregularities or direct the order of sale. See Garren v. Butigan, 539 P.2d 259, 261 (Idaho 1975); Coghlan v. City of Boise, 212 P. 867, 868 (Idaho 1923).
 
 
 17
 The court held correctly that SVR waived its objections. The sale en masse is only voidable and subject to set aside on timely and proper application. Coghlan, 212 P.2d at 868.
 
 
 18
 In Coghlan, the Idaho Supreme Court refused to set aside a sale en masse simply to permit the appellant to redeem a smaller parcel. Id. As here, inadequacy of price was not an issue and the appellant failed to direct the order of sale. Id. SVR argues that, unlike this case, the sheriff in Coghlan had first offered the lots singly and separately. This fact was not crucial to the result. Cf. Garren, 539 P.2d at 261 (waiver of objection).
 
 
 19
 Requiring SVR to object to or direct the order of sale advances the policy evident on the face of the statute. Section 11-304 specifies sale to the "highest bidder" in a manner "likely to bring the highest price." When inadequacy of price is not raised, Idaho law will not permit a judgment debtor to set aside a sale if he failed to exercise rights that would have cured the defects. See Garren, 539 P.2d at 261 (refusing to set aside sale because "[t]o hold otherwise would do violence to the general rule of equity that a party will not be permitted to benefit by or take advantage of his own fault or neglect").
 
 
 20
 The principle above applies to the type of irregularities raised here. See Garren, 539 P.2d at 261 (machine capable of manual delivery not within view of those attending sale; objection waived); Coghlan, 212 P. at 868 (sale of land parcels en masse). We have found no Idaho case addressing the failure to object when the personal and real property are not sold separately. There is no reason for different treatment. Section 11-304 on its face does not require a separate sale and Sun Valley concedes that no Idaho case requires one.
 
 
 21
 SVR's argument that it must attend the sale to waive its objection also has no merit. It concedes that it received the notice indicating a sale "in one parcel." As the district court pointed out, SVR's position would provide greater rights to those who fail to appear than to those who attend the sale but remain silent. Cf. Curts, 262 P. at 880 (failure to attend sale did not waive objection where party had submitted written bid in advance of sale).
 
 
 22
 The equities favor Equitable and indicate that the court did not abuse its discretion. SVR has paid nothing to Equitable on its million dollar debt since 1983. SVR has filed three separate bankruptcy proceedings, all of which have delayed Equitable's collection on the debt. Most of the rent owed Equitable by SVR for possession during the redemption period will go uncollected.
 
 
 23
 We affirm the district court's order. SVR can show no financial injury by the conduct of the foreclosure sale, the price paid was several hundreds of thousands of dollars in excess of the property's appraised value, and SVR never raised its objections to the procedure until long after the sale occurred.
 
 C. Attorney's Fees
 
 24
 Equitable requests attorney's fees for this appeal under a provision of its promissory note from SVR. The provision states:
 
 
 25
 In case this note is placed in the hands of an attorney for collection or suit is brought thereon, or in case of litigation with third parties to protect the lien of the Mortgage, the undersigned agrees to pay reasonable attorneys' fees, expenses of collection and costs of suit to the extent permitted by applicable laws.
 
 
 26
 SVR's briefs fail to address Equitable's request for fees.
 
 
 27
 The request for fees is granted. SVR's appeal has little merit and it failed to answer Equitable's fee request. The provision applies to this appeal because Equitable had to protect its rights under the note.
 
 
 
 *
 Of the Central District of California
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Several matters were still pending before the district court at the time SVR filed its notice of appeal. It has resolved these matters, curing any jurisdictional problems. Although it failed to set forth final judgment on a separate document as required by Fed.R.Civ.P. 58, we have jurisdiction. See Vernon v. Heckler, 811 F.2d 1274, 1276-77 (9th Cir.1987)
 
 
 [2]
 Section 11-304 provides, in its entirety:
 All sales of property under execution must be made at auction, to the highest bidder, between the hours of nine (9:00) in the morning and five (5:00) in the afternoon. After sufficient property has been sold to satisfy the execution, no more can be sold. Neither the officer holding the execution nor his deputy can become a purchaser, or be interested in any purchase, at such sale. When the sale is of personal property, capable of manual delivery, it must be within view of those who attend the sale, and be sold in such parcels as are likely to become the highest priced; when the sale is of real property, consisting of several known lots or parcels, they must be sold separately, or when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion must be thus sold. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions.