**Milton AVOL, M.D., Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 88–6067.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 1989 *.

Memorandum April 24, 1989.

As Amended June 29, 1989.

Order and Opinion Aug. 21, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth   Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**660**

Arthur R. Chenen, Hirschtick, Chenen, Lemon & Curtis, Marina del Ray, Cal., for plaintiff-appellant.

Harry F. McDonagh, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before WRIGHT and FARRIS, Circuit Judges, and SMITH **, District Judge.

FARRIS, Circuit Judge:

Milton Avol, M.D. appeals the district court's grant of summary judgment against him in his action challenging the decision of the Secretary of Health and Human Services to exclude him from participation in the Medicare program. 874 F.2d 815. We affirm.

We review de novo the district court's decision granting summary judgment. *Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir.1985). The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Miller*, 770 F.2d at 847.

■ Avol contends that the Secretary improperly sanctioned him because the Secretary made no finding that Avol was "unwilling or lacked the ability substantially to comply" with his obligations under 42 U.S.C. § 1320c–9. We need not decide whether such a finding is required under § 1320c–9. The Secretary did not sanction Avol under that section. Rather, Avol was sanctioned pursuant to 42 U.S.C. § 1395y(d)(1)(C), which gives the Secretary authority to terminate a physician from receiving reimbursement under Medicare where the physician has furnished services which the Secretary finds to be "substantially in excess of the needs of individuals or to be of a quality which fails to meet professionally recognized standards of health care." The Secretary made such a finding, and the finding was supported by substantial evidence.

■ Avol next contends that the Secretary's action was beyond his authority because the Professional Standards Review Organization which recommended the Secretary's action had not developed and published objective norms, standards, and criteria for quality of care. Norms, standards, and criteria were used by non-medical personnel who initially screened Avol's services for further review. Avol contends that such norms, standards, and criteria are also required by 42 U.S.C. § 1320c–5(a) for final peer review by physicians. The statute provides that a Professional Standards Review Organization must develop norms, standards, and criteria as "principal points of evaluation and review." The Secretary interprets this to require that norms, standards, and criteria be used by non-physicians to initially screen out the

** The Honorable Fern M. Smith, U.S. District Judge for the Northern District of California, sitting by designation.

small number of cases in which further peer review is appropriate. Norms, standards, and criteria are not, in the Secretary's view, required for the final exercise of professional judgment by physicians evaluating cases which have been selected for peer review by the screening process. In interpreting the statute, we give "great deference to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). We agree with the Secretary's interpretation of the statute.

Avol next claims that the Professional Standards Review Organization's contract did not authorize the PSRO to conduct "quality" reviews. This issue was not raised before the Social Security Administration Appeals Council. We need not, therefore, address the issue. *See Israel v. Immigration and Naturalization Service,* 710 F.2d 601, 605 (9th Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984).

Finally Avol claims that the Secretary's action deprived him of due process because the PSRO failed to precisely follow an informal manual. This manual was not promulgated as a rule; it was no more than an informal interpretation of existing statutes and regulations. The manual did not have the force and effect of law. *See United States v. Fifty-Three Eclectus Parrots,* 685 F.2d 1131, 1136 (9th Cir.1982). Any variance from the manual did not deprive Avol of due process.

We impose sanctions against Avol's counsel. Avol's principal brief repeatedly refers the court to Avol's lengthy memorandum of points and authorities filed in the district court. This practice violates 9th Cir.R. 28–3.2. We order Avol's counsel to pay sanctions of $500.

AFFIRMED.