PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 7/18/96**

TENTH CIRCUIT

---

MARION W. CHIPMAN,

      Plaintiff-Appellant,

v.

      No. 95-3298

DONNA E. SHALALA, Secretary of
Health and Human Services,

      Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 94-CV-2361)

---

Submitted on the briefs:

Jean C. Owen, Mission, Kansas, for Plaintiff-Appellant.

Jackie N. Williams, Acting United States Attorney, Robert A. Olsen, Assistant United States Attorney, Kansas City, Kansas (D. Samuel Borin, Acting Chief Counsel, Region VII, Department of Health and Human Services, Michael R. Fry, Assistant Regional Counsel, Kansas City, Missouri, of Counsel), for Defendant-Appellee.

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

EBEL, Circuit Judge.

Plaintiff Marion Chipman appeals the district court's order affirming the decision of the Secretary of Health and Human Services, partially denying plaintiff's claims for Supplementary Medical Insurance Benefits under Part B of the Medicare statute, Title XVIII of the Social Security Act. Our jurisdiction over this appeal arises from 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision de novo, but under a deferential standard. Looking at the administrative record as a whole, we may overturn the Secretary's decision only "if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law". Hennepin County Medical Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir. 1996). Applying these standards, and after due consideration of the arguments presented on appeal, we affirm.[1]

In 1990, plaintiff underwent jaw bone augmentation surgery which later permitted the placement of porcelain veneer crowns. Appellant's App., Vol. I at 15. The record is clear that, previous to these procedures, plaintiff was suffering from ulcers and jaw bone atrophy. Id. at 13. Further, the various doctors plaintiff consulted agreed that the surgery and porcelain veneer crowns were medically necessary due to those conditions and his inability to function with dentures. Id. at 100, 101, 106, 107. In 1991, plaintiff submitted Medicare

---

[1]　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

claims for payment of both the surgery and the crowns. After an initial administrative denial and a second denial following a hearing before a hearing officer, plaintiff requested a hearing before an administrative law judge (ALJ). The ALJ concluded that payment for the bone augmentation surgery was covered by Medicare, but payment for the porcelain veneer crowns was not. Id. at 12-16. Plaintiff's request for review with the Appeals Council was denied. Plaintiff then filed a complaint in federal district court. The district court affirmed the agency's decision, and plaintiff now appeals.

On appeal, plaintiff argues that payment for the porcelain veneer crowns should be covered by Medicare because 1) the crowns were part of a medically necessary procedure to treat his underlying medical conditions, 2) Congress did not intend that the dental exclusion under 42 U.S.C. § 1395y(a)(12) prevent coverage of dental procedures which are required to treat underlying medical conditions, and 3) the crowns were "incidental to and an integral part of" covered procedures to treat plaintiff's ulcers and jaw bone atrophy under provisions of the Medicare Coverage Issue Manual.

Plaintiff argued before both the ALJ and the Appeals Council that treatment of his underlying medical conditions rendered the dental implants medically necessary and therefore not excluded by the general dental services exclusion, 42 U.S.C. § 1395y(a)(12).[2] Appellant's App., Vol I at 4, 72-74, 76-78.  The ALJ concluded only that the porcelain veneer crowns were not covered.  Id. at 15.  The district court stated that the exception in § 1395y(a)(12) for underlying medical condition applies only to claims under part A of the Medicare statute, and noted that plaintiff's claim was submitted under part B.  Appellant's App., Vol. II at 127.  We agree, and plaintiff does not contend otherwise on appeal.  Further, we agree with the district court that a characterization of the porcelain veneer crowns as medically necessary, without further authority or basis for an exception from the general

---

[2]     That section reads:

(a)  Notwithstanding any other provision of this subchapter, no payment may be made under part A or part B of this subchapter for any expenses incurred for items or services--

* * *

(12) where such expenses are for services in connection with the care, treatment, filling, removal, or replacement of teeth or structures directly supporting teeth, except that payment may be made under part A of this subchapter in the case of inpatient hospital services in connection with the provision of such dental services if the individual, because of his underlying medical condition and clinical status or because of the severity of the dental procedure, requires hospitalization in connection with the provision of such services.

dental services exclusion, does not support plaintiff's claim that payment for the crowns should be covered by Medicare. Id. at 126; see Goodman v. Sullivan, 891 F.2d 449, 451 (2d Cir. 1989)(Medicare does not cover all medically necessary services). Plaintiff did not present his remaining two arguments on appeal to either the ALJ or the Appeals Council. Accordingly, he has waived those points and we decline to address them. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994)(stating, in Medicare reimbursement dispute, it is "inappropriate" to consider arguments not raised before agency); Papendick v. Sullivan, 969 F.2d 298, 302 (7th Cir. 1992)(applying rule that issues "must first be raised administratively" in review of decision to exclude physician from Medicare program,), cert. denied, 506 U.S. 1050 (1993); Avol v. Secretary of Health & Human Servs., 883 F.2d 659, 661 (9th Cir. 1989)(declining to address issues not presented to Appeals Council); see also Osborne v. Babbitt, 61 F.3d 810, 814 (10th Cir. 1995)(contentions not argued in administrative proceedings waived in federal appeal).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.