124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laura A. BLACKMON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-55322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997.[2]
Decided Sept. 24, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California. Joseph Reichmann, Magistrate Judge, Presiding.
 
 MEMORANDUM[1]
 
 2
 Before PREGERSON and HAWKINS Circuit Judges, and WEINER,[3] Senior District Judge.
 
 
 3
 Laura A. Blackmon appeals from the denial of disability and supplemental security income benefits by an ALJ, whose decision was upheld by the Social Security Administration's (SSA) Appeals Council and by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 We review de novo a district court's order upholding the Commissioner's denial of benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Our scope of review is limited, and the Commissioner's decision must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standard. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995) (citations omitted). "Substantial evidence means more than a scintilla ... but less than a preponderance." Smolen, 80 F.3d at 1279 (quotations omitted). Furthermore, "substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten, 44 F.3d at 1457. If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, we may not substitute our judgment for that of the Commissioner. Id.
 
 
 5
 The ALJ's determinations that (1) Blackmon retained the residual functional capacity to perform light work as a cashier and (2) a sufficient number of such work existed in the local economy, were supported by substantial evidence. Appellant's argument that the ALJ erred in relying upon the testimony of a vocational expert, because that testimony was inconsistent with job descriptions contained in the Dictionary of Occupational Titles (the "DOT") has been previously rejected by this court. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995) ("Introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even though the job traits may vary from the way the job title is classified in the DOT.").
 
 
 6
 Appellant, citing Social Security Ruling 85-15, also argues that the VE misinterpreted the meaning of fine manipulation when she opined that Blackmon could perform unskilled sedentary jobs including cashiering positions which do not require "grasping" or "gripping". Social Security Ruling 85-15 states in relevant part:
 
 
 7
 'fingering'... is needed to perform most unskilled sedentary jobs and to perform certain skilled and semiskilled jobs at all levels of exertion.... [L]oss of fine manual dexterity narrows the sedentary and light ranges of work.... The varying degrees of loss which can occur may require a decision-maker to have the assistance of a VS.
 
 
 8
 (emphasis added). This language does not mandate that one such as Appellant is unable to perform the jobs identified by a VE merely because she has a loss of fine manual dexterity; it simply "narrowed" the range of work identified. As the hypothetical questions posed to the VE by the ALJ accurately included Blackmon's physical limitations[4], the ALJ's conclusion based on the VE's opinion that Blackmon could perform work as a cashier was supported by substantial evidence.
 
 
 9
 We decline to address Blackmon's remaining arguments because she failed to raise them before the Social Security Administration Appeals Council. See, e.g., Avol v. Secretary of Health and Human Services, 883 F.2d 659, 661 (9th Cir.1989) (issues not raised before the Appeals Council need not be addressed by this court); accord Chipman v. Shalala, 90 F.3d 421, 423 (10th Cir.1996).
 
 
 10
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [4]
 The record included reports of clinical examinations from January 1994 and June 1994 indicating a full range of motion in the fingers and hands