**Floyd WOOD, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Social Services, Defendant.**

**No. 99–C–760–S.**

United States District Court, W.D. Wisconsin.

May 3, 2000.

Molly L. Bandt, Elder Law Center of the Coalition of Wisconsin Aging Groups, Madison, WI, for Plaintiffs.

Daniel Bach, Assistant United States Attorney, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Floyd Wood brings this action pursuant to 42 U.S.C. § 1395 *et seq.* for review of the final decision of the defendant Secretary denying him Medicare Part B reimbursement for teeth extractions. He asks the Court to reverse the Secretary's decision.

## FACTS

Plaintiff Floyd Wood is a 71 year old man enrolled in Medicare Parts A and B. On May 4, 1994 plaintiff was examined by cardiologist Dr. Charles Jorgensen who determined that he required a replacement of his aortic heart valve. Dr. Jorgensen also determined that the plaintiff's severe periodontal disease posed a significant risk for bacterial infection to the artificial heart valve after implantation. Dr. Jorgensen and plaintiff's treating physician, Dr. James Kravig, decided that plaintiff required total dental extractions prior to his aortic valve replacement surgery.

On June 7, 1994 Dr. Marshall Wade, D.D.S. removed plaintiff's seventeen diseased teeth. Plaintiff was an outpatient at St. John's Northeast Hospital in Minnesota for these extractions. Dr. Wade submitted a claim to plaintiff's Medicare Part B carrier for reimbursement for these services. On September 14, 19994 Dr. Lyle D. Joyce performed an aortic valve replacement surgery for plaintiff.

On July 25, 1994 Medicare denied plaintiff's request for reimbursement for his June 7, 1994 teeth extractions stating that "Medicare does not pay for care of the teeth and gums." Plaintiff appealed this decision to Medicare and it was affirmed. Plaintiff submitted a request for a hearing. On December 14, 1995 the Hearing Officer upheld the decision.

Plaintiff appealed this decision by submitting a request for a hearing before an Administrative Law Judge (ALJ). On August 22, 1997 the ALJ issued a decision upholding the denial of coverage for plaintiff's dental services.

The ALJ made the following findings:

1. The amount in controversy is $1156.00.

2. The following services were provided by Marshall Wade, D.D.S. on June 7, 1994, to Floyd Wood: edentulation.

3. The services were performed in connection with the care, treatment, filling, removal or replacement of teeth or structures directly supporting the teeth.

4. The services are dental services which are excluded from Medicare coverage (§ 1862(a)(12) of the Act; 42 CFR § 411.15(i))

5. The services at issue are excluded from coverage under section 1862(a)(12) of the Act and HCFA regulations 42 CFR section 411.15(i).

The ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on October 8, 1999.

## OPINION

This Court must determine whether the decision of the Secretary is supported by substantial evidence and whether the Secretary applied the proper legal standards. 42 U.S.C. § 405(g); *Stevenson v. Chater,* 105 F.3d 1151, 1153 (7th Cir.1997). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kapusta v. Sullivan,* 900 F.2d 94, 96 (7th Cir.1989).

The Medicare Program is the federal health insurance program for people 65 and older and certain disabled people. 42 U.S.C. § 1395 *et seq.* The program is divided into Part A which covers inpatient hospital, skilled nursing facility, home health and hospice care services and Part B which covers physician's services and other items and services not covered under Part A. At issue in this case is the Secretary's decision that plaintiff was not entitled to Medicare Part B Reimbursement

for the costs of outpatient dental services provided to him on June 7, 1994.

Medicare Part B provides reimbursement for services that are reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member. 42 U.S.C. § 1395y(a)(1)(A). Expenses not covered are for services in connection with the care, treatment, filling, removal or replacement of teeth or structures directly supporting teeth. 42 U.S.C. § 1395y(a)(12).

■ Under Medicare Part A reimbursement for inpatient hospital services may be provided in connection with the provision of dental services if the individual because of his underlying medical condition and clinical status or because of the severity of the dental procedure requires hospitalization in connection with the provision of such services. 42 U.S.C. § 1395y(a)(12); 42 C.F.R. § 411.15(i). This Medicare Part A exception does not apply to plaintiff's case because he is requesting reimbursement under Part B. *Chipman v. Shalala,* 90 F.3d 421, 422–423 (10th Cir.1996).

■ Plaintiff argues that the exclusion of dental services from Part B coverage is inapplicable because the services were not dental in nature and were performed as a prerequisite for the heart valve replacement surgery. There is no support for this argument in the law because the medical necessity exception applies only to inpatient services under Part A reimbursement. Extractions of teeth are included in the dental services exception under Medicare Part B.

Section 2136 of the Medicare Carrier's Manual interprets Medicare Part B's dental services exclusion stating: "If an otherwise noncovered procedure or service is performed by a dentist as incident to and as an integral part of a covered procedure or service performed by him/her, the total service performed by the dentist on such occasion is covered." Reconstruction of a ridge would be covered by Part B when it is performed as a result of and at the same time as the surgical removal of a tumor.

One exception to the same physician rule provided in this section is coverage of extraction of teeth to prepare the jaw for radiation treatment of abnormal jaw growths. An oral or dental examination performed on an inpatient as part of a comprehensive work up prior to renal transplant surgery is a covered service. *Coverage Issue Manual, § 50–16.* None of these exceptions apply to plaintiff's dental services.

The Court has reviewed the March 12, 1998 decision issued by Administrative Law Judge Ira S. Epstein, the Wisconsin Physician Services' Dental and Services Policy and Section 2030.3, Dentists, Medicare Carriers Manual submitted by plaintiff as appendices. These sources do not persuade the Court that plaintiff's outpatient dental services performed on June 7, 1994 are reimbursable expenses under Medicare Part B.

Medicare Part B does not provide reimbursement of outpatient extraction of teeth even where medically necessary for preparation of heart valve replacement surgery. The Secretary's decision was made according to the law and supported by substantial evidence. Accordingly, her decision will be affirmed.

## ORDER

IT IS ORDERED that plaintiff's motion to reverse the defendant Secretary's decision is DENIED.

IT IS FURTHER ORDERED that the decision of the defendant Secretary denying plaintiff Medicare Part B reimbursement is AFFIRMED.